Robert E. YOUSE

v.

Michael CARLUCCI.

Civ. A. No. 94–4412.

United States District Court, E.D. Pennsylvania.

Nov. 15, 1994.

Robert E. Youse, pro se.

Stephen B. Lieberman, Reading, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

■ Before this Court today is Defendant Michael Carlucci's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Before reviewing the 12(b)(6) standard, it is important to note that Plaintiff, Robert E. Youse, is proceeding *pro se*. A pleading drafted by a *pro se* plaintiff is held to a less stringent standard than a pleading drafted by a lawyer, and courts have an obligation to construe *pro se* complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Brown v. Peoples Security Ins.*, No. 94–4544, 1994 WL 570848 (E.D.Pa. Oct. 17, 1994).

■ With this in mind, we turn to the standard for a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. In considering a 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990).

■ In ruling upon such a motion, the Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Lane Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

Here, Youse's complaint appears to state a cause of action under 42 U.S.C. § 1983. That statute reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C.A. § 1983 (1994).

Youse's narrative pleading (Brief in Support of Civil Action) states that he participated in a drug and alcohol treatment program called ADAPPT in 1993. During his time at ADAPPT, he allegedly accumulated $700.00, but only received $332.00 of it. In addition, he alleges that personal items such as clothing and pictures were destroyed by ADAPPT personnel.

Youse alleges that Michael Carlucci, director of ADAPPT, represented that ADAPPT's insurance company would reimburse him for his losses, but that to date, he has not received any funds or cooperation from ADAPPT or its insurance company to resolve the matter. Youse's verified letter in response to the Motion to Dismiss alleges further that ADAPPT works directly with the State Penal System of Pennsylvania and the State Parole Board of Pennsylvania.

Carlucci argues that the Complaint is insufficient and should be dismissed. He argues that Youse does not allege either that Carlucci acted under color of state law, specifically allege a deprivation of a federally guaranteed right, or allege that Carlucci personally deprived Youse of his rights.

■ A § 1983 claim has two main elements. The "conduct complained of must [first,] be committed by a person acting under color of state law.... [and second,] deprived the plaintiff of a right or privilege secured by the Constitution or the laws of the United States." *Colburn v. Upper Darby Township*, 838 F.2d 663, 667 (3d Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338,

103 L.Ed.2d 808 (1989). The complaint must state facts sufficient to show both elements and to provide "defendants with adequate notice to frame an answer." *Frazier v. SEP-TA,* 785 F.2d 65, 67 (3d Cir.1986). This can be done by alleging the time and place of the deprivation and the persons responsible. *Id.* at 67–68; *Rode v. Dellarciprete,* 845 F.2d 1195, 1207–1208 (3d Cir.1988).

Here, the complaint does not provide a time for the alleged deprivation, who was responsible, in what manner it was done, or any other details. The most problematic aspect of Youse's Complaint, however, is that he alleges that ADAPPT personnel in general, not defendant Carlucci in particular, destroyed his property. There can be no vicarious liability for a § 1983 action under a respondeat superior theory and "allegations of participation or actual knowledge and acquiescence ... must be made with appropriate particularity." *Rode,* 845 F.2d at 1207; *Colburn,* 838 F.2d at 671.

Given this, we have to GRANT Carlucci's Motion to Dismiss. However, we dismiss the complaint without prejudice, and grant Youse leave to file an Amended Complaint within thirty days of the date of this Memorandum and Order. This Memorandum should provide Youse with "notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Brown,* 1994 WL 570848.