**Christopher FREDERICK**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY**

**Civ. A. No. 95–1692.**

United States District Court, E.D. Pennsylvania.

June 30, 1995.

Lanier E. Williams, Philadelphia, PA, for plaintiff.

Nicholas J. Staffieri, SEPTA Legal Dept., Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Presently before this court is Defendant's Motion to Dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. Plaintiff originally included five counts in his complaint, but in response to Defendant's motion objects to the dismissal of only three of those counts. These remaining claims are based on alleged violations of Plaintiff's rights under: 1) the Civil Rights Act of 1866, 42 U.S.C. § 1981 (1993), for the unlawful termination of Plaintiff's employment on the basis of his race; 2) the Civil Rights Act of 1871, 42 U.S.C. § 1983 (1993), for the unlawful termination of Plaintiff's employment on the basis of his race and gender; and 3) the Civil Rights Act of 1871, for the violation of Plaintiff's due process rights.

The facts underlying these claims arose out of a drug test to which Plaintiff was subjected by Defendant, which Plaintiff alleges violated Defendant's policies. Complaint, ¶ 20. Although Defendant is authorized to conduct random drug tests, Defendant is bound by the limitations set forth in the Integrated Program of Education, Assistance, and Testing for Intoxicants and Control of Substances (the Program). *T.W.U., Local 234 v. SEPTA*, 678 F.Supp. 543, 552–53 (E.D.Pa.1988), *aff'd*, 863 F.2d 1110 (3d Cir. 1988); *vacated and remanded*, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 560 (1989); *aff'd in part, vacated and remanded in part on other grounds*, 884 F.2d 709 (3d Cir.1989).

Accordingly, Plaintiff was selected for a random drug test, for which he later tested positive. Complaint, ¶¶ 13–14. Soon after, "[P]laintiff was notified that he was being terminated." Complaint, ¶ 15. Under the terms of the Program, Plaintiff requested and was permitted a "second test of the same urine sample." Complaint, ¶ 15. This test result was also positive. Complaint, ¶ 17. In violation of the Program and Defendant's practices, however, Defendant failed to provide quantitative values for this test. Complaint, ¶ 17–18. Nonetheless, Defendant terminated Plaintiff's employment. Complaint, ¶ 19.

I. *STANDARD FOR A RULE 12(b)(6) MOTION*

In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders,

items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

## II. *COUNTS I AND II: EMPLOYMENT DISCRIMINATION*

■ When attempting to sufficiently plead a prima facie case under a claim for employment discrimination, a plaintiff "must demonstrate purposeful discrimination." *Weldon v. Kraft,* 896 F.2d 793, 796 (3d Cir. 1990). If a plaintiff is unable to provide actual proof of purposeful discrimination, "the plaintiff may prove intent through the framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 [93 S.Ct. 1817, 36 L.Ed.2d 668] (1973), and refined in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248 [101 S.Ct. 1089, 67 L.Ed.2d 207] (1981)." *Weldon,* 896 F.2d at 796.

■ Under this method, an employee can plead a prima facie case by asserting that he: "(1) belongs to a racial minority; (2) was qualified for the job from which he was discharged; and that (3) others not in the protected class were treated more favorably." *Hicks v. Arthur,* 843 F.Supp. 949, 955 (E.D.Pa.1994). These, however, are not strict elements. A prima facie case "may be established in other ways." *Id.* Accordingly, the Third Circuit has explained that courts should use these elements as guidelines, not as requisites. *Id.* (citing *EEOC v. Metal Serv. Co.,* 892 F.2d 341, 348 (3d Cir. 1990)).

■ "All the plaintiff must establish at the prima facie stage is that her discharge raised an inference of discrimination." *Mills v. Ford Motor Company,* 800 F.2d 635, 639 (6th Cir.1986). This low standard permits the plaintiff an opportunity to overcome a motion to dismiss without much opposition. *Id.* At this stage, the plaintiff must only "identify 'actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under the Act.'" *Byrd v. Roadway Exp., Inc.,* 687 F.2d 85, 86 (5th Cir.1982) (citing *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 576, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978)).

■ Plaintiffs, however, must adhere to some requirements in their complaint. "A § 1981 plaintiff cannot satisfy the 'purposeful' criterion with 'vague and conclusory allegations' in the complaint." *Hicks,* 843 F.Supp. at 954 (citing *Armstrong v. School Dist. of Philadelphia,* 597 F.Supp. 1309, 1312 (E.D.Pa.1984)). A specific factual basis must be pled to create the inference of discrimination. *Armstrong,* 597 F.Supp. at 1312–13.

Similarly, there are two elements necessary to establish a prima facie § 1983 claim. First, the "conduct complained of must be committed by a person acting under color of state law." *Youse v. Carlucci,* 867 F.Supp. 317, 318 (E.D.Pa.1994) (quoting *Colburn v. Upper Darby Township,* 838 F.2d 663, 667 (3d Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989)). Second, the conduct complained of must have "deprived the plaintiff of a right or privilege secured by the Constitution of the laws of the United States." *Youse,* 867 F.Supp. at 318 (quoting *Colburn,* 838 F.2d at 667). "The complaint must state facts specific enough to show both elements and to provide 'defendants with adequate notice to frame an answer.'" *Youse,* 867 F.Supp. at 319 (quoting *Frazier v. SEPTA,* 785 F.2d 65, 67 (3d Cir. 1986)).

■ Although a § 1983 complaint brought against a municipality is not held to a heightened level of specificity, a complaint under either § 1981 or § 1983 must still satisfy the requisites of Fed.R.Civ.P. 8(a) to overcome a motion to dismiss. *Leatherman*

v. Tarrant County Narcotics Intelligence & Coordination Unit, —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). Under Rule 8, a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and what the grounds upon which it rests" is required. *Id.* (quoting *Conley,* 355 U.S. [41] at 47, 78 S.Ct. [99] at 103, 2 L.Ed.2d 80). Furthermore, specific facts must be pled to support any broad allegations in conclusory paragraphs. After reviewing Plaintiff's complaint, we find that Plaintiff has failed to meet these requirements.

■ Although Plaintiff mentions Defendant's failure to follow their own guidelines when conducting the drug test, Plaintiff has not alleged any facts which might allow this court to infer that Defendant has violated either §§ 1981 or 1983. In response to this motion, Plaintiff does not disclose what specific facts in the complaint might be a basis for such an inference, nor does Plaintiff explain why any of these acts might be proof of discrimination. Plaintiff merely states that Defendant failed to abide by the correct method when conducting the second test under the Integrated Program. Therefore, we find that the complaint is too vague to draw an inference of discrimination.

Furthermore, Plaintiff has failed to give proper notice to the Defendant as to what acts might have been discriminatory. Plaintiff's vague allegations and broad conclusions are not useful to the Defendant. Without this notice, Defendant is unable to properly defend these claims.

Defendant's Motion to Dismiss will be granted without prejudice as to Counts I and II. Plaintiff is granted thirty days of the date of this Memorandum and Order within which to file an Amended Complaint.

### III. *COUNT III: DEPRIVATION OF DUE PROCESS RIGHTS*

■ Plaintiff's third claim alleges that Defendant's failure to grant Plaintiff a pre-termination hearing was a deprivation of Plaintiff's due process rights under 42 U.S.C. § 1983. Defendant contends that the procedures used to dismiss Plaintiff are stated in the 1992–1995 Collective Bargaining Agreement between SEPTA and Transport Workers Union, Local 234 and meet the requirements of due process. Defendant concedes that "SEPTA must comply with due process when it discharges an employee." Def.'s Motion at p. 7. Furthermore, Defendant agrees that "[d]ue process 'requires some kind of hearing prior to the discharge of an employee.'" Def.'s Motion at p. 7 (quoting *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985)). Defendant fails, however, in its assertion that the post-termination hearing in the present case satisfies the due process requirements. " '[T]he root requirement' of the Due Process Clause ... [is] 'that an individual [must] be given an opportunity for a hearing *before* he is deprived of any significant interest.'" *Loudermill,* 470 U.S. at 542, 105 S.Ct. at 1493 (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971)). Because Plaintiff alleges that there was no pre-termination hearing, Plaintiff sufficiently supports his claim under § 1983. Any contractual defense that Defendant might rely on through the collective bargaining agreement is susceptible to factual arguments, and therefore cannot bar Plaintiff's claim at this stage. Therefore, we find that Defendant's motion to dismiss this count must fail.

### IV. *COUNTS IV AND V: WRONGFUL DISCHARGE AND BREACH OF CONTRACT*

■ Plaintiff's complaint alleges State common law violations of his rights under a wrongful discharge theory, in Count IV, and a breach of contract theory, in Count V. After considering Defendant's Motion to Dismiss and Plaintiff's failure to oppose the motion in regard to these counts, we find that Plaintiff has failed to state a claim for Counts IV and V. Therefore, Plaintiff's complaint will be dismissed as to these counts.