**Mitchell TAYLOR, Plaintiff,**

**v.**

**Sgt. COX (SCIG) et al., Defendants.**

**Civil Action No. 95–CV–3533.**

United States District Court,
E.D. Pennsylvania.

Dec. 27, 1995.

Mitchell Taylor, Pro Se.

Sue Ann Unger, Office of Atty. General, Philadelphia, PA, for Defendants.

### MEMORANDUM and ORDER

ANITA B. BRODY, District Judge.

Before me for disposition is the "Motion to Dismiss of Commonwealth Defendants", filed by defendants Cox, Burns and Womack. For the following reasons, defendants' mo-

tion will be denied in part and granted in part.

## I. BACKGROUND

*Pro se* plaintiff Taylor is an inmate presently incarcerated at SCI–Huntington. On May 3, 1995, plaintiff was temporarily transferred from SCI–Huntington to SCI–Graterford for purposes of a parole violation hearing. Plaintiff alleges that upon his transfer to SCI–Graterford, certain legal and religious materials were seized from him and held in the prison's property room until the completion of his parole hearing.[1]

Plaintiff claims that this seizure of his property interfered with his right of access to court, since he was prevented from using his legal materials during his parole hearing.[2] Plaintiff also claims that this seizure of property interfered with his constitutional right to freedom of religion, since the confiscation of his Koran prevented him from practicing the Muslim rites of Ramadan.[3]

When plaintiff was transferred back to SCI–Huntington, his materials were seized again, and were not returned until May 31, 1995. Plaintiff alleges that this second seizure of his property also infringed upon his right of access to court. Plaintiff claims that among the documents seized was a subpoena for a court appearance on May 26, 1995. Plaintiff claims that, because the subpoena was taken from his possession, he was unable to prove that he had an appointment in court, and, as a consequence, he missed his court appearance. As a result of plaintiff's absence, the proceedings were postponed until July 5, 1995, resulting in plaintiff's unnecessary additional incarceration for a period of one month and ten days.

In his complaint, plaintiff alleges various harms. With regard to the right of access to

court issue, plaintiff claims that he was harmed by his inability to adequately defend himself at his parole hearing, and his inability to appear at the second hearing, resulting in additional incarceration. To redress these harms, plaintiff demands nominal damages and an injunction to prevent future seizures of the property of any prisoner (including plaintiff) who is transferred to SCI–Graterford.

With regard to the freedom of religion claim, plaintiff makes a more general statement of harm, claiming that his constitutional rights were infringed upon and demanding nominal damages as redress.

## II. DISCUSSION

### A. Motion to Dismiss pursuant to F.R.C.P. 12(b)(1)

■ Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss an action for lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b)(1). Defendants move to dismiss the complaint on 12(b)(1) grounds, claiming that this court lacks jurisdiction "because plaintiff fails to raise state [sic] a claim premised upon a constitutional issue". However, plaintiff has brought a § 1983 claim based on two separate constitutional grounds: plaintiff alleges violations of both his constitutional right of access to court and his constitutional right of freedom of religion. Therefore, due to the constitutional nature of his claims, this court has jurisdiction, and defendants' 12(b)(1) claim for lack of jurisdiction fails.

### B. Motion for a More Definite Statement pursuant to F.R.C.P. 12(e)

■ Defendants make a 12(e) motion, Motion for More Definite Statement, claiming

1. Defendants Cox, Burns and Womack were correctional officers at SCI–Graterford at the time in question, and were responsible for the seizure of plaintiff's property.

2. Plaintiff admits that he was represented by counsel at the hearing. However, plaintiff claims that the seizure of the materials left him "ill-prepared" for the hearing, since the materials included a document that he desired to use as evidence for his defense. (The hearing was a violation of parole hearing, based on the allega-

tion that plaintiff had moved addresses without notifying his parole officer. The document in question was a letter signed by his landlord, purportedly establishing that he had given notification of his move).

3. At the time of the transfer, plaintiff was engaged in a fast in commemoration of the Islamic holy month of Ramadan, and needed the Koran in order to perform religious rites during the fast.

that "the complaint is so ambiguous that defendants cannot reasonably be required to frame a responsive pleading". Motion to Dismiss of Commonwealth Defendants ¶ 7. Defendants' motion must be denied.

■ Motions for more definite statement are highly disfavored and are rarely granted by the court. Such motions will only be granted if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading or simple denial. *Frazier v. Southeastern Pa. Transp. Auth.*, 868 F.Supp. 757, 763 (E.D.Pa.1994); *Hicks v. Arthur*, 843 F.Supp. 949, 959 (E.D.Pa.1994).

■ In the pending case, plaintiff's complaint, however sparse, provides a definite enough statement of his claim. Plaintiff explains that his § 1983 claim is based on two grounds: interference with his right of access to court, and interference with his freedom of religion, stemming from the seizure of his legal and religious material upon transfer to SCI–Graterford. Plaintiff alleges harm, and specifies the remedies he seeks. Although plaintiff's complaint is not highly detailed, a lack of detail is not grounds for granting a 12(e) motion. *In re Harry Levin, Inc.*, 175 B.R. 560, 566 (E.D.Pa.1994); *Frazier*, 868 F.Supp. at 763. Accordingly, defendants' 12(e) motion should be dismissed.

### C. Motion to Dismiss pursuant to F.R.C.P. 12(b)(6)

Defendants move to dismiss the complaint on 12(b)(6) grounds, claiming that "Plaintiffs [sic] fail to state any claim upon which relief can be granted".

■ Rule 12(b)(6) permits the court to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). In considering such a motion, the court must accept as true all allegations in the complaint and all reasonable inferences that may be drawn therefrom, viewed in the light most favorable to the plaintiff. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). In order to survive a 12(b)(6) motion, the plaintiff must provide enough evidence to support his claim, but does not need to demonstrate that he will ultimately prevail on the merits. *Hishon v. King and Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). A claim may only be dismissed on 12(b)(6) grounds if the plaintiff cannot demonstrate *any* set of facts in support of the claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988); *D.P. Enterprises v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984).

■ When a complaint is filed by a *pro se* plaintiff, the complaint and facts alleged should be evaluated in a light most favorable to the plaintiff. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980); *Youse v. Carlucci*, 867 F.Supp. 317, 318 (E.D.Pa.1994).[4] Thus, for purposes of the 12(b)(6) motion, all of plaintiff's allegations and all reasonable inferences will be liberally construed.

As will be demonstrated below, plaintiff presents enough evidence to survive defendants' 12(b)(6) motion. Viewing the evidence in a light most favorable to plaintiff, I find that plaintiff presents a set of facts which might entitle him to relief. Therefore defendants' 12(b)(6) motion must be denied.

### 1. Requirements for § 1983 claim

■ Section 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceed-

---

4. As defendants point out in their papers, "[t]he Court construes a *pro se* complaint liberally, in the light most favorable to the plaintiff and may consider matters of public record, orders, and items appearing in the record of the case ... In construing the complaint, the Court draws fair inferences from what is *not* alleged as well as what is alleged in the complaint". Memorandum of Law in Support of Motion to Dismiss of Commonwealth Defendants at 2, citing *Youse v. Carlucci*, 867 F.Supp. 317 (E.D.Pa.1994) and *Angus v. Shiley*, 989 F.2d 142 (3d Cir.1993).

ing for redress". 42 U.S.C. § 1983. In order to bring a successful § 1983 claim, plaintiff must demonstrate that (1) the act was performed by a person acting under color of state law and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or federal law. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981); *Piecknick v. Commonwealth of Pennsylvania,* 36 F.3d 1250, 1255–56 (3d Cir.1994); *Carter v. City of Philadelphia,* 989 F.2d 117, 119 (3d Cir.1993).

The first requirement is not in dispute in the pending matter. The second prong of the test—whether plaintiff's constitutional rights were infringed upon—is at issue here. Plaintiff has alleged that, by withholding his legal and religious material upon his transfer to SCI–Graterford, defendants infringed upon two of his constitutional rights—his right of access to court, and his right to religious freedom.

## 2. Right of Access to Court

■■■ The Supreme Court has recognized that all prisoners have a constitutional right of access to court. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). Access to court must be adequate, effective and meaningful under the Federal Constitution. *Id.,* at 822, 97 S.Ct. at 1495; *Milhouse v. Carlson,* 652 F.2d 371, 374 (3d Cir.1981); *Williams v. Dark,* 844 F.Supp. 210, 214 (E.D.Pa.1993), *aff'd.,* 19 F.3d 645 (3d Cir.1994); *Agresta v. City of Philadelphia,* 801 F.Supp. 1464, 1472 (E.D.Pa.1992), *aff'd.,* 993 F.2d 223 (3d Cir.1993). The right of access to court is not an unlimited right, but instead ensures that one will be afforded a

reasonable opportunity to be heard. *Campbell v. Miller,* 787 F.2d 217, 226 (7th Cir. 1986), *cert. denied* 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986); *Ciccarelli v. Carey Canadian Mines, Ltd.,* 757 F.2d 548, 554 (3d Cir.1985); *Boyd v. Petsock,* 795 F.Supp. 743, 746 (W.D.Pa.1992).

■■■ Plaintiff has alleged two instances of infringement of his right of access to court, and has provided enough facts for the claims to remain viable. The facts indicate that the seizure of the legal materials may have affected two separate court hearings—by interfering with the plaintiff's defense during the first hearing, and by preventing his appearance at the second hearing. These two incidents may have served to infringe upon plaintiff's right of reasonable access to court. The extent of the injury, and whether plaintiff is entitled to relief, are issues to be addressed later in the litigation process. At this point, it is sufficient that plaintiff's pleadings state a claim upon which relief can be granted, and defendants' motion should therefore be denied.[5]

## 3. Freedom of Religion Claim

■■■ Plaintiff alleges that his constitutional right to freedom of religion was infringed upon by defendants' seizure of his religious materials. More specifically, plaintiff alleges that the seizure of his Koran prevented him from properly performing the Muslim rites of Ramadan.[6]

■■■ In order to ultimately succeed under the Religious Freedom Restoration Act (RFRA), plaintiff must demonstrate that the defendants' actions placed a "substantial bur-

5. Defendants argue that the mere fact that plaintiff was represented by counsel at the hearings prevents plaintiff from bringing a claim for infringement of his right of access to court. The Supreme Court has held, however, that the fact that a prisoner is represented by counsel is not dispositive on the issue of whether his right of access has been "impermissibly burdened". *Bounds,* 430 U.S. at 824 n. 11, 97 S.Ct. at —— n. 11, citing *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); see also *Peterkin v. Jeffes,* 855 F.2d 1021, 1042 n. 27 (3d Cir.1988). Therefore, the mere fact that plaintiff

was represented by counsel does not determine whether or not he is entitled to relief for infringement of right of access.

6. Note that plaintiff does not specify in his complaint upon which grounds he brings his freedom of religion claim. Because plaintiff is a *pro se* prisoner, the court has liberally construed the complaint, interpreting the claim on both statutory and first amendment grounds. In order for the freedom of religion claim to survive the Motion to Dismiss, plaintiff must succeed on at least one ground.

den" on plaintiff's exercise of religion.[7] For purposes of the Motion to Dismiss, plaintiff must simply offer *some* evidence of a substantial burden. Here, plaintiff has argued that he was unable to engage in a Ramadan fast or religious rites due to the fact that he was deprived of his Koran. Because Ramadan is a holy holiday, and because plaintiff was unable to commemorate this holiday, the burden might be construed as a substantial interference with a tenet that is central to the religious doctrine. Further evidence is needed to determine whether plaintiff's claim will actually succeed upon the merits; however, plaintiff's initial pleadings are sufficient to survive the Motion to Dismiss.

 Plaintiff's freedom of religion claim could also be interpreted as brought on first amendment grounds. According to first amendment caselaw, plaintiff could recover for interference with his freedom of religion if he demonstrates that the prison policy directing the seizure of the Koran was unreasonable. *O'Lone v. Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 2405, 96 L.Ed.2d 282 (1987). For purposes of the Motion to Dismiss, plaintiff must simply offer *some* evidence that the policy was unreasonable. Plaintiff has alleged that his Koran was seized, preventing him from practicing his religious rites and celebrating Ramadan. The policy directing the seizure of the Koran could thus be construed as an unreasonable violation of plaintiff's first amendment right to freedom of religion. Therefore, plaintiff's first amendment claim survives defendants' 12(b)(6) motion.[8]

## D. Equitable Relief and Mootness Issue

Defendants argue that plaintiff's demand for injunctive relief is moot, due to the fact that there is no reasonable probability of plaintiff's future incarceration at SCI–Graterford, and thus the claim does not fall under the "capable of repetition yet evading review" exception to mootness.

Plaintiff does not address the mootness issue at all. Furthermore, he does not provide any evidence that he will be incarcerated again at SCI–Graterford, and does not attempt to claim class action status. *Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993). For these reasons, plaintiff's claim for equitable relief is moot, and the Motion to Dismiss is granted with regard to this claim.

## ORDER

**AND NOW,** this 27th day of December, 1995, upon consideration of defendants' Motion to Dismiss and plaintiff's response in opposition to the Motion to Dismiss, for the reasons stated in the Memorandum accompanying this Order, **IT IS ORDERED** that defendants' motion is **GRANTED IN PART AND DENIED IN PART,** as follows:

1. Defendants' 12(b)(1) motion is **DENIED;**

2. Defendants' 12(e) motion is **DENIED;**

3. Defendants' 12(b)(6) motion on right of access to court and freedom of religion is **DENIED;**

---

**7.** The RFRA provides that the "Government shall not substantially burden a person's exercise of religion", unless the government determines that "the application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling state interest". *RFRA*, 42 U.S.C.A. § 2000bb–1(a)(b) (1993).

**8.** The merits of the first amendment claim are not at issue in the Motion to Dismiss, but will be taken up at trial. At trial, in order to refute plaintiff's claim, defendants may offer evidence that the prison policy was reasonable. For example, under the *O'Lone* standard, the plaintiff's claim would fail if the defendants could offer any evidence that the prison policy was based on objective concerns of institutional administration. " '[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests' ". *O'Lone v. Shabazz*, 482 U.S. at 349–55, 107 S.Ct. at 2404–08, quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. at 2254, 2261, 96 L.Ed.2d 64 (1987). Therefore, if defendants demonstrate a rational relationship between the seizure of the Koran and a legitimate penological concern, plaintiff's first amendment claim will fail. However, such a determination must be made at trial, rather than at the present time.

4. Defendants' 12(b)(6) motion pertaining to plaintiff's request for equitable relief is **GRANTED** on grounds of mootness.