**Joseph HALSTEAD**

v.

**MOTORCYCLE SAFETY FOUNDATION INC., et. al.**

**No. Civ.A. 99–CV–2199.**

United States District Court, E.D. Pennsylvania.

Oct. 29, 1999.

William W. Spalding, Abraham Bauer & Spauldindg P.C., Philadelphia, PA, for plaintiff.

Paul C. Vitrano, Ross, Dixon & Bell, L.L.P., Washington, DC, for defendants.

Claudia M. Tesoro, Office of Attorney General, Philadelphia, PA, for defendants.

### *MEMORANDUM AND ORDER*

JOYNER, District Judge.

This civil action has been brought before the Court again by the Commonwealth of Pennsylvania, Department of Transportation ("PennDot") and its three employees, Stephen Madrak, Michael Kistler and Rebecca Bickley, all of whom Plaintiff sued in their individual and official capacities. Specifically, PennDot, Madrak, Kistler and Bickley seek to dismiss the Amended Complaint against them with prejudice for failure to state a claim upon which relief may be granted and for want of sufficient subject matter jurisdiction. For the reasons set forth below, PennDot's motion shall be granted in its entirety and the motion of the individual defendants granted in part.

#### *History of the Case*

As previously noted in our Memorandum and Order of October 8, 1999 disposing of the motion to dismiss of defendant Motorcycle Safety Foundation, Plaintiff's claims emanate from a written contract between PennDot and the Motorcycle

Safety Foundation ("MSF"), a private corporation. Under that contract, MSF was to take over the implementation and oversight of a Motorcycle Safety Program for PennDot from Millersville University. Plaintiff Halstead contends that as part of the bid which MSF submitted to obtain the PennDot contract, his name, personal qualifications and resume were used in that MSF represented that Plaintiff's qualifications would be the minimum qualification for the position of State Coordinator and that the position of State Coordinator would be offered to him first. The position would only be offered to another candidate if the plaintiff refused to accept the job offer.

According to the Amended Complaint, despite these representations, MSF did not offer Plaintiff the position of State Coordinator for the Motorcycle Safety Program ostensibly because of an interview which he gave to a publication known as the *Citizen's Voice* on August 13, 1998 and because he informed Defendants that MSF's Proposal Project Director, Roberta Carlson, the former State Coordinator for the Pennsylvania Motorcycle Safety Program when it was being overseen by Millersville University, was inappropriately using insider information gathered while she was a Millersville employee for the benefit of MSF.

Plaintiff thereafter instituted this suit seeking damages for breach of contract, invasion of privacy, defamation, tortious interference with third party and prospective contractual relations, punitive damages and for violations of his civil rights under 42 U.S.C. § 1983 and the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et. seq.* Through these motions, PennDot, Madrak, Kistler and Bickley seek to dismiss the Amended Complaint against them in its entirety, with prejudice.

### Standards Governing Motions to Dismiss

The rules governing the pleading of cases in the district courts are clear. Under Fed.R.Civ.P. 8(a),

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded."

It is equally clear that the issue of the sufficiency of a pleading may be raised by the filing of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) or through a motion for a more definite statement under Rule 12(e). In resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). In so doing, the court must accept as true the facts alleged in the complaint, together with all reasonable inferences that can be drawn therefrom and construe them in the light most favorable to the plaintiff. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990); *Hough/Loew Associates, Inc. v. CLX Realty Co.*, 760 F.Supp. 1141 (E.D.Pa.1991). The court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a) and whether the plaintiff has a right to any relief based upon the facts pled. Dismissal under Rule 12(b)(6) for failure to state a claim is therefore limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988); *Angelastro v. Pru-*

*dential–Bache Securities, Inc.,* 764 F.2d 939, 944 (3rd Cir.1985), *cert. denied,* 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985).

Subject matter jurisdiction, on the other hand, may be challenged by filing a motion pursuant to Fed.R.Civ.P. 12(b)(1). A district court can grant a Rule 12(b)(1) motion based on the legal insufficiency of the claim but dismissal is proper only when the claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1408–09 (3rd Cir.1991). *See Also: Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73 (1974). Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6) where the plaintiff is entitled to have all reasonable inferences drawn in his favor, when jurisdiction is challenged under Rule 12(b)(1), the burden is on the plaintiff to prove that jurisdiction exists and the courts are not limited in their review to the allegations of the complaint. *Doe v. William Shapiro, Esquire, P.C.,* 852 F.Supp. 1246, 1249 (E.D.Pa.1994).

Similarly, any evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction, since it is for the Court to resolve all factual disputes involving the existence of jurisdiction. *Sitkoff v. BMW of North America, Inc.,* 846 F.Supp. 380, 383 (E.D.Pa.1994). In contrast, if the attack to jurisdiction is facial, that is, to the allegations of jurisdiction stated in the complaint, the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is pres-

ent. *Id.* If jurisdiction is based on a federal question, the pleader claiming federal jurisdiction must show that the federal claim is not frivolous. *Radeschi v. Commonwealth of Pennsylvania,* 846 F.Supp. 416, 419 (W.D.Pa.1993), citing *Bartholomew v. Librandi,* 737 F.Supp. 22 (E.D.Pa.), *aff'd,* 919 F.2d 133 (3rd Cir. 1990). Only if it appears to a certainty that the pleader will not be able to assert a colorable claim of subject matter jurisdiction may the complaint be dismissed. *Kronmuller v. West End Fire Co. No. 3,* 123 F.R.D. 170, 172 (E.D.Pa.1988). *See. Also: Mortensen v. First Federal Savings and Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir.1977).

### *Discussion*

#### A. Eleventh Amendment Immunity.

Defendants first argue that this Court lacks subject matter jurisdiction over Plaintiff's claims against them by virtue of the Eleventh Amendment to the U.S. Constitution.[1] That Amendment states that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Amendment has been interpreted to protect an "unconsenting state from suit in federal court by its own citizens as well as those of another state." *Blanciak,* 77 F.3d at 694, *quoting Pennhurst State School v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907–908, 79 L.Ed.2d 67 (1984). The burden of proving entitlement to Eleventh Amendment immunity falls upon the party[2] asserting it. *Christy v. Pennsylvania*

---

1. The Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction and therefore a motion raising Eleventh Amendment immunity may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *Blanciak*

*v. Allegheny Ludlum Corp.,* 77 F.3d 690, 693, n. 2 (3rd Cir.1996).

2. It should be noted that official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent and it is for this reason that suits against state officials in their official

*Turnpike Commission,* 54 F.3d 1140, 1144 (3rd Cir.1995).

■■■ There are, however, certain well-established exceptions to the reach of the Eleventh Amendment. *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). If a state waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action. *Blanciak,* 77 F.3d at 694, *citing, Atascadero,* 473 U.S. at 234, 105 S.Ct. at 3142 and *Clark v. Barnard,* 108 U.S. 436, 2 S.Ct. 878, 883, 27 L.Ed. 780 (1883). Alternatively, in appropriate circumstances and with respect to the rights guaranteed under the Fourteenth Amendment, Congress has the power to abrogate a state's Eleventh Amendment immunity. *Pennhurst,* 465 U.S. at 99, 104 S.Ct. at 907; *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360–61, 39 L.Ed.2d 662 (1974). For either of these exceptions to apply, however, there must be an unequivocal expression of either a state's consent or of the congressional intent to overturn the constitutionally guaranteed immunity of the several States. *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 907, *citing, Edelman,* 415 U.S. at 673, 94 S.Ct. at 1360–61 and *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

■■■ In traditionally sensitive areas, such as legislation affecting the federal balance, the requirement of clear statement assures that the legislature has in fact faced, and intended to bring into issue, the critical matters involved in the judicial decision. *Blanciak,* 77 F.3d at 694, *citing United States v. Bass,* 404 U.S. 336, 349, 92 S.Ct. 515, 523, 30 L.Ed.2d 488 (1971). Hence, a general authorization for suit in

federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 56, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996).

In this case, plaintiff invokes 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

In analyzing this statute in an effort to determine whether a cause of action under it may lie against a State, the Supreme Court has repeatedly concluded that while municipal corporations and similar governmental entities are "persons" subject to suit, a State is not a "person" within the meaning of § 1983. *See: Howlett v. Rose,* 496 U.S. 356, 377, 110 S.Ct. 2430, 2443, 110 L.Ed.2d 332 (1990); *Will v. Michigan Department of State Police,* 491 U.S. 58, 65–66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); *Quern v. Jordan,* 440 U.S. 332, 343–344, 99 S.Ct. 1139, 1146–1147, 59 L.Ed.2d 358 (1979); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 663, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

There thus being no Congressional abrogation of the States' Eleventh Amendment immunity in Section 1983, we look next to Pennsylvania state law to see if the Com-

capacity are to be treated as suits against the State. *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361, 116 L.Ed.2d 301 (1991); *Kentucky v. Graham,* 473 U.S. 159, 165–166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). For the same reason, the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses. *Hafer,* 502 U.S. at 25, 112 S.Ct. at

362. Thus, our discussion and analysis of the plaintiff's claims against PennDot here applies with equal force to Mr. Halstead's claims against the defendant employees, Madrak, Kistler and Bickley in their official capacities and we shall analyze the liability of defendants Madrak, Kistler and Bickley in their individual capacities under Section 1983 *infra.*

monwealth[3] has voluntarily waived this immunity. In so doing, we find that 42 Pa.C.S. § 8521 answers this question in the negative. Specifically, that Statute states:

**§ 8521. Sovereign immunity generally**

**(a) General rule.**—Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.

**(b) Federal courts.**—Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.

As this statute makes clear, Pennsylvania has explicitly reserved its right to immunity from suit in federal court and we therefore conclude that PennDot and its three employees acting in their official capacities are immune from the plaintiff's § 1983 claims. *See: Fitzpatrick v. Pennsylvania Department of Transportation,* 40 F.Supp.2d 631, 634 (E.D.Pa.1999). Count V of the Amended Complaint shall be dismissed with prejudice.

**B. Plaintiff's State Law Claims Against PennDot.**

There is a distinction between sovereign immunity under the Eleventh Amendment and sovereign immunity with respect to state law claims. The Commonwealth of Pennsylvania has enacted a statute specifically preserving its sovereign immunity subject to certain statutorily enumerated exceptions. Indeed, under 1 Pa.C.S. § 2310,

... it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

As regards Commonwealth parties such as PennDot[4], the General Assembly has specifically waived its immunity from suit with respect to actions in nine distinct categories "for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person having available the defense of sovereign immunity." 42 Pa.C.S. § 8522(a). Specifically, the categories for which immunity has been waived are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other danger-

**3.** The Pennsylvania Department of Transportation has been held to be "an executive agency of the state, controlled by the Commonwealth and acts as its 'alter ego' in accomplishing a public purpose which is in part to construct and maintain the state roadways using state tax revenues and employing state agencies under the control of the state executive branch." PennDot is therefore generally immune from suit in federal court under the Eleventh Amendment. *See: Holdampf v. Fidelity & Casualty Company of New York,* 793 F.Supp. 111, 115 (W.D.Pa.1992); *Goad v.*

*Pennsylvania Department of Transportation,* 530 F.Supp. 342, 344 (W.D.Pa.1981); *Savory v. Kawasaki Motor Corp., U.S.A.,* 472 F.Supp. 1216, 1218 (E.D.Pa.1979). *See Also:* 42 Pa. C.S. § 8501.

**4.** Under 42 Pa.C.S. § 8501, "Commonwealth Party" is defined as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment."

ous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa.C.S. § 8522(b)(1)–(9).

■ Plaintiff here is advancing claims under state law against the Department of Transportation for defamation, tortious interference with third party and prospective contractual relations and for violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et. seq.* None of these claims, of course, involve negligence or fall within the menu of claims for which sovereign immunity has been waived under Section 8522(b) and we therefore shall dismiss Counts V and VI with prejudice. We reach the same conclusion as to Plaintiff's Whistleblower Law claim, although for a slightly different reason.

■ It is clear that the Whistleblower Law applies only to public employees who are discharged or otherwise discriminated or retaliated against by governmental entities. *See: Clark v. Modern Group, Ltd.*, 9 F.3d 321, 326, n. 4 (3rd Cir.1993); *Holewinski v. Children's Hospital of Pittsburgh*, 437 Pa.Super. 174, 649 A.2d 712, 715 (1994); *Krajsa v. Keypunch, Inc.*, 424 Pa.Super. 230, 622 A.2d 355, 359–360 (1993). Specifically, Section 1423 of the Pennsylvania Whistleblower Law provides:

(a) **Persons not to be discharged.**— No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

(b) **Discrimination prohibited.**— No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employ-

ment because the employee is requested by an appropriate authority to participate in an investigation, hearing or inquiry held by an appropriate authority or in a court action.

Under the Definitions portion of the statute, 43 P.S. § 1422, "employee" is defined as "[a] person who performs a service for wages or other remuneration under a contract of hire, written or oral, express or implied, for a public body." "Employer," in turn, is "[a] person supervising one or more employees, including the employee in question; a superior of that supervisor; or an agent of a public body." A "public body" is defined to include all of the following:

(1) A state officer, agency, department, division, bureau, board, commission, council, authority or other body in the executive branch of State government.

(2) A county, city, township, regional governing body, council, school district, special district or municipal corporation, or a board, department, commission, council or agency.

(3) Any other body which is created by Commonwealth or political subdivision authority or which is funded in any amount by or through Commonwealth or political subdivision authority or a member or employee of that body.

The language "funded in any amount by or through Commonwealth or political subdivision authority or a member or employee of that body" has been held to have been intended by the legislature to be limited to monies which were appropriated by the legislature for the purpose of aiding "public bodies" in pursuit of their public goals and was obviously not intended to make an individual or corporation a "public body" solely on the basis that monies were received by it from the state as reimbursement for services rendered. *Cohen v. Salick Health Care, Inc.*, 772 F.Supp. 1521, 1527 (E.D.Pa.1991); *Riggio v. Burns,* — Pa.Super. —, 711 A.2d 497 (1998), *appeal granted,* — Pa. —, 739 A.2d 167 (1998). Thus, it is clear that the Pennsyl-

vania legislature effectively abrogated the Commonwealth's sovereign immunity when it enacted the Whistleblower Law and PennDot is therefore not immune from Whistleblower Act claims.

 Nevertheless, we find the plaintiff's Amended Complaint insufficient to state a Whistleblower cause of action against the Department of Transportation given Mr. Halstead's failure to allege that he was ever an employee of either MSF or PennDot. Rather, in Count XI of the Amended Complaint, Mr. Halstead contends that he was an employee of the Pennsylvania Motorcycle Safety Program then being run by Millersville University. In the absence of an employment relationship, no cause of action can lie here as between the plaintiff and the Department of Transportation. Accordingly, the Defendant's motion to dismiss shall be granted with respect to Count XI as well.

 Plaintiff's final claim against PennDot is lodged in Count XII and is for punitive damages. In Pennsylvania, punitive damages are an element of damages arising out of an initial cause of action for compensatory damages. *Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 555 A.2d 800, 802 (1989), *citing Hilbert v. Roth*, 395 Pa. 270, 149 A.2d 648 (1959). Hence, if no underlying cause of action exists, there is no independent action for a claim for punitive damages. *Id.* Moreover, under 42 Pa. C.S. § 8528(c), damages from Commonwealth entities are recoverable only for past and future loss of earnings and earning capacity, pain and suffering, medical and dental expenses, loss of consortium and property losses. In view of this limitation and our determination that all of the plaintiff's compensatory damages claims against PennDot are properly dismissed, his claim for punitives must fall as well. *See Also: Feingold v. Southeastern Pennsylvania Transportation Authority*, 339 Pa.Super. 15, 488 A.2d 284, *aff'd*, 512 Pa. 567, 517 A.2d 1270 (1986). Count XII is likewise dismissed with respect to the Department of Transportation.

## C. Plaintiff's Claims Against Stephen Madrak, Rebecca Bickley and Michael Kistler.

 The Eleventh Amendment does not bar § 1983 personal capacity suits against state officials in federal court. *Hafer v. Melo*, 502 U.S. at 22, 112 S.Ct. at 360. We therefore next consider whether Plaintiff's claims under Section 1983 against PennDot employees Madrak, Kistler and Bickley in their personal capacities may go forward.

 The courts have repeatedly held that the purpose of § 1983 is to provide a civil cause of action to protect persons against the misuse of power possessed by virtue of state law and made possible because the defendant was cloaked with the authority of the state. *Del Signore v. McKeesport*, 680 F.Supp. 200, 203 (W.D.Pa.1988). *See Also: West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). Section 1983 does not create a cause of action in and of itself; rather it provides redress for certain violations of rights arising under the federal constitution or laws of the United States which are caused by persons acting under color of state law. *Lee v. Gateway Institute & Clinic, Inc.*, 732 F.Supp. 572, 575 (W.D.Pa.1989), citing *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

 To make out a claim under § 1983, a plaintiff must demonstrate that the conduct of which he is complaining has been committed under color of state or territorial law and that it operated to deny him a right or rights secured by the Constitution or laws of the United States. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *Abdul–Akbar v. Watson*, 901 F.2d 329, 332 (3rd Cir.1990), *cert. denied*, 498 U.S. 806, 111 S.Ct. 237, 112 L.Ed.2d 196 (1990). Naturally, the plaintiff must also show that it was the *defendant* who subjected him to this deprivation of his rights or caused him

to be subjected to the deprivation. *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); *Signore, supra*, 680 F.Supp. at 203. *See Also: Rizzo v. Goode*, 423 U.S. 362, 370–371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976); *Duchesne v. Sugarman*, 566 F.2d 817, 831 (2nd Cir. 1977). State officials, sued in their individual capacities are "persons" within the meaning of § 1983 and are not absolutely immune from personal liability thereunder solely by virtue of the "official" nature of their acts. *Hafer v. Melo*, 502 U.S. at 31, 112 S.Ct. at 365.

■ Although a § 1983 complaint is not held to a heightened pleading standard, to withstand a motion to dismiss it must still satisfy the requirements of Fed. R.Civ.P. 8(a) of "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993); *Frederick v. Southeastern Pennsylvania Transportation Authority*, 892 F.Supp. 122, 125 (E.D.Pa.1995). The complaint should therefore state facts such as the time and place of the deprivation and the persons responsible so as to both show the elements of the cause of action and to provide defendants with adequate notice to frame an answer. *Youse v. Carlucci*, 867 F.Supp. 317, 319 (E.D.Pa.1994), *citing Frazier v. SEPTA*, 785 F.2d 65, 67 (3rd Cir.1986) and *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–1208 (3rd Cir.1988). *See Also: Crawford–El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 1596–97, 140 L.Ed.2d 759 (1998); *Agresta v. Goode*, 797 F.Supp. 399 (E.D.Pa.1992).

■ Again, the plaintiff here has invoked § 1983 as a remedy for what he alleges was retaliation for his exercising his First Amendment right to freedom of speech by giving an interview which was reported in an article in the *Citizen's Voice* entitled "Officials Fighting to Keep Motorcycle Safety Program in State." It is now clear that under Supreme Court precedent, public employees are afforded some protection against adverse employment actions based on their expressive activity but only when two conditions are satisfied. *Azzaro v. County of Allegheny*, 110 F.3d 968, 976 (3rd Cir.1997), *citing, Connick v. Myers*, 461 U.S. 138, 143–44, 103 S.Ct. 1684, 1688, 75 L.Ed.2d 708 (1983). *See Also: Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). First, the employee's conduct must address "a matter of public concern" which is to be determined by the "content, form, and context of a given statement, as revealed by the whole record." *Id.,citing Connick*, 461 U.S. at 147–48, 103 S.Ct. at 1690. Second, the value of that expression must outweigh the government's interest in the effective and efficient fulfillment of its responsibilities to the public. A discharged public employee is entitled to no redress if her expression is not related to a matter of public concern or, even if it is so related, its value is outweighed by the value of permitting the government to take action promoting efficiency and effectiveness. *Id.*

■ Whether speech touches on a matter of public concern is a legal question to be determined by the court, not the finder of fact. *Fogarty v. Boles*, 938 F.Supp. 292, 298 (E.D.Pa.1996). An employee's speech addresses a matter of public concern when it can be "fairly considered as relating to any matter of political, social, or other concern to the community." *Id.,quoting Pro v. Donatucci*, 81 F.3d 1283, 1288 (3rd Cir.1996) and *Watters v. City of Philadelphia*, 55 F.3d 886, 892 (3rd Cir.1995). These protections have since been extended to instances where government retaliates against a contractor, or a regular provider of services for the exercise of its rights of political association or freedom of speech. *O'Hare Truck Service, Inc. v. City of Northlake*, 518 U.S. 712, 116

S.Ct. 2353, 135 L.Ed.2d 874 (1996); *Board of County Commissioners v. Umbehr,* 518 U.S. 668, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996). Where, however, there is no such ongoing commercial relationship, there is no First Amendment protection and thus in the absence of such a relationship, a cause of action is not recognized for failure to award a contract in retaliation for exercise of one's First Amendment rights. *McClintock v. Eichelberger,* 169 F.3d 812, 817 (3rd Cir.1999).

█ In applying these principles to this case, the gravamen of Plaintiff's § 1983 claim against the individual Penn-Dot defendants is contained in Count VII at Paragraph 61 of the Amended Complaint:

> Upon information and belief, the decision of defendant MSF not to hire Plaintiff was based upon the decisions, requests or actions of Madrak, Kistler and/or Bickley as a result of Plaintiff exercising his First Amendment right to freedom of speech in an interview he gave which was reported in the press in the *Citizen's Voice* on August 13, 1998 entitled "Officials Fighting to Keep Motorcycle Safety Program in State."

As a threshold matter, it is impossible to determine from the Amended Complaint which of these three defendants took which action or how their decisions, requests or actions influenced MSF. We thus find that the amended complaint falls short of giving the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Additionally and as has previously been discussed, Mr. Halstead was never an employee of PennDot or MSF and there are no facts which would suggest that MSF had a prior or ongoing commercial or inde-pendent contractor relationship with Penn-Dot. Indeed, Plaintiff does not complain that he was not awarded the PennDot contract but rather his complaint is that he was not offered a job by a prospective employer. Thus, even assuming that the matters which Plaintiff discussed with the *Citizen's Voice* reporter were matters of public interest, we find that he has failed to plead a § 1983 cause of action against the individual defendants for violations of his First Amendment rights to free speech and freedom of expression. Count VII is therefore dismissed in its entirety.

█ We do, however, find that Plaintiff's claims against the individual defendants for defamation and tortious interference with contractual relations have been pled sufficiently to permit them to proceed further. To be sure, sovereign immunity extends only to Commonwealth employees acting within the scope of their duties. *Fitzpatrick v. Pennsylvania Department of Transportation, supra,* 40 F.Supp.2d at 636; 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8501. Inasmuch as Plaintiff has alleged that Madrak, Kistler and Bickley were acting both in their individual and their official capacities and we cannot make a conclusive determination at this time as to whether anything that any of these three defendants may have said or did was defamatory or in interference with Plaintiff's relationship with MSF, nor can we determine the capacity in which these defendants may have been acting, we shall give the parties the opportunity to take discovery on these claims. If appropriate, of course, these arguments may be revisited on summary judgment.

For all of the reasons outlined above, we shall grant PennDot's motion to dismiss in its entirety and grant in part[5] the motion

---

5. As was our ruling with respect to the motion to dismiss of Defendant MSF, we cannot find any allegations or other potential facts which would evince that the individual defendants acted with such evil motive or reckless indifference to Mr. Halstead's rights that would support a claim for punitive damages against them. *See: Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742, 747 (1984); *Doe v. William Shapiro, Esquire,* 852 F.Supp. 1246, 1255 (E.D.Pa.1994). Count XII shall therefore be dismissed in its entirety and with respect to all of the defendants.

of Defendants Madrak, Kistler and Bickley in accordance with the attached order.

AND NOW, this 29th day of October, 1999, upon consideration of the Motions of the Commonwealth of Pennsylvania, Department of Transportation and Stephen Madrak, Michael Kistler and Rebecca Bickley to Dismiss the Plaintiff's Amended Complaint, and Plaintiff's Responses thereto, it is hereby ORDERED that the Motion of the Commonwealth of Pennsylvania, Department of Transportation is GRANTED and all claims against the Department of Transportation are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Motion of Defendants Madrak, Kistler and Bickley is GRANTED IN PART and DENIED IN PART and Counts VII and XII are DISMISSED in their entirety from the Amended Complaint with prejudice.