**TROPICAL AIR FLYING SERVICES, INC. d/b/a/ Tropical Air Transport, Plaintiffs,**

v.

**CARMEN FELICIANO DE MELECIO, et al., Defendants.**

No. 00–2337 (DRD).

United States District Court, D. Puerto Rico.

July 31, 2001.

Charles A. Cuprill–Hernandez, Old San Juan, PR, Michael J. Rovell, Chicago, IL, for plaintiffs.

Leoncio P. Beraza, Administracion de Servicios Medicos de PR, San Juan, PR, Arturo Diaz–Angueira, Roberto Feliberti, Cancio, Nadal, Rivera & Diaz, San Juan, PR, Francisco A. Ojeda–Diez, Department of Justice of PR, Federal Litigation Division, San Juan, PR, Jose R. Perez–Hernandez, Mayol–Bianchi, PSC, Guaynabo, PR, Jorge A. Pierluisi–Jr., Pierluisi Law Offices, PSC, Hato Rey, PR, for defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Plaintiff Tropical Air Transport is a corporation organized and authorized to do business under the laws of Puerto Rico. Tropical Air Transport was created and is engaged in providing specialized aeromedic health care and services from the area of an accident to the nearest hospital or medical facility capable of attending the patient's condition without delay. Plaintiff has filed a Complaint (Docket No. 1) bringing forth an action against Defendants for the violation of rights, privileges and protections guaranteed by the United States Constitution and Federal Civil Rights Act, 42 U.S.C. § 1983. Plaintiff also asserts its rights to engage in interstate commerce free from discrimination and restraint arising from state laws and actions undertaken by public officials and others pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, Section 43 of the Lanham Act, 25 U.S.C. § 1125, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201. The Complaint further presents supplemental antitrust, unfair competition, and claims under the laws of Puerto Rico. In sum, Plaintiff alleges that all Defendants, as government officials, have acted under color of state law, regulations, customs and policies or in concert with the other defendants at all times relevant to the averments in restraining him from engaging in interstate commerce.

Co-defendant Aeromed Services, Corp. ("Aeromed") is a corporation organized under the laws of Puerto Rico which also provides specialized aeromedic health care and services from the area of an accident to the nearest hospital or medical facility capable of dealing with the patient's condition without delay. Said corporation is presently contracted by the Department of Health of Puerto Rico to render such services.

As to Co-defendant to Aeromed, Plaintiff avers that, in providing aeromedic

health care services, complainant has attempted to detain the monopolistic services offered in Puerto Rico by Defendant Aeromed which have been rendered with the active participation and assistance of Defendants Feliciano et al. Plaintiff holds that by being excluded by Defendants Feliciano et al.[1] from providing said health care services, his rights privileges and protections guaranteed by the United States Constitution and his Civil Rights are being violated. Plaintiff further avers that Defendants deprived him of his equal protection rights since Defendants have arbitrarily and capriciously discriminated against Plaintiff by refusing to enter into contract with him and by not imposing on Aeromed the same licensing requirements delineated by the Federal Aviation Agency ("FAA"). Plaintiff, therefore, prays for the permanent enjoinment of Defendants from continuing with the violations of said laws and from entering into any combination, conspiracy, agreement, understanding or concert of actions, omissions, endeavors, or undertakings against him. Plaintiff also requests the granting of compensatory damages, reasonable attorney's fees and costs and treble damages.

Pending before the Court is Defendant Aeromed's Motion to Dismiss Under Rule 12(b)(1) filed on December 13, 2000 along with its Memorandum of Law in Support of Motion. (Docket No. 20). On February 20, 2001 Plaintiff filed an Opposition to said motion. (Docket No. 32). On February 25, 2001, Defendants Carmen Feliciano, Juan Pares, Juan Velázquez, Juan Nazario, Edwin Miranda, Benjamín Rodrí-

guez, Praxedes Pedraza, Oscar Martínez, Silvia Maysonet, Sonia Cedeño, Héctor Berberena, Ivonne Gierbolini, Angel Díaz, and Rosa Monroig ("Feliciano, et al.") also filed a Motion to Dismiss (Docket No. 34) under Rule 12(b)(1) and 12(b)(6). To date, Plaintiff has not opposed said motion.

On June 25, 2001 Plaintiff filed a Motion (Docket No. 40) accompanying an Amended Complaint and indicating to the Court that said "amended complaint renders moot... Aeromed Services Corp.'s pending motions to dismiss." The Court deems the *one and only* motion to dismiss filed by Aeromed **not moot** since both the Complaint and the Amended Complaint contain the same allegations against Aeromed. In addition, Aeromed's Motion to Dismiss addresses subject matter jurisdiction.

At this time, the Court will adjudicate both motions.

## I. AEROMED'S MOTION TO DISMISS UNDER RULE 12(b)(1)

### A. Motion to Dismiss Under Rule 12(b)(1) Standard

"As a general matter, trial courts should give Rule 12(b)(1) motions precedence." *Dynamic Image Technologies, Inc. v. U.S.*, 221 F.3d 34, 37 (1st Cir.2000). Motions under Rule 12(b)(1) are brought forth to attack two different types of defects: the pleader's failure to comply with Federal Rule of Civil Procedure 8(a)(1)[2] and the Court's actual lack of subject matter jurisdiction—which may exist despite

---

1. "Feliciano et al." refers to co-defendant Carmen Feliciano de Melecio, the Secretary of Health of the Commonwealth of Puerto Rico, and other state officers sued for depriving the Plaintiff of its civil rights under 42 U.S.C. § 1983.

2. Failure to comply with Rule 8(a)(1) occurs when the allegations in the complaint are

insufficient to show that the Federal Court has jurisdiction over the subject matter of the case. That is, the complaint is in fact defective and must be dismissed regardless of the actual existence of subject matter jurisdiction unless said deficiency is cured. *See Sierra Club v. Shell Oil Co.*, 817 F.2d 1169 (5th Cir.1987).

the formal sufficiency of the allegations in the complaint. 5A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 1350 (2d ed.1990). When the basis for a Rule 12(b)(1) motion is lack of federal question, as is the allegation before the Court, the pleader must show that the counterpart's claim does not fall under the category of federal question and is frivolous. That is, "the party invoking the jurisdiction of the federal court carries the burden of proving its existence." *Nater v. Riley,* 114 F.Supp.2d 17, 19 (D.P.R.2000). *See Miller v. Hygrade Food Products, Corp.,* 89 F.Supp.2d 643 (E.D.Pa.2000); *Smith v. SSA,* 54 F.Supp.2d 451 (E.D.Pa.1999); *Kronmuller v. West End Fire Co. No.3,* 123 F.R.D. 170 (1988). Further, even though the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present, when the factual allegations of jurisdiction are attacked by a Motion to Dismiss under Rule 12(b)(1), courts are not limited in their review to the mere allegations contained in the complaint. Thus, the Court may evaluate for sufficiency any and all of the evidence presented. *Halstead v. Motorcycle Safety Foundation, Inc.,* 71 F.Supp.2d 464, 468 (E.D.Pa.1999) ("[A]ny evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction, since it is for the Court to resolve all factual disputes involving the existence of jurisdiction.") If, and only when, it appears that the non-moving party will not be able to assert a colorable claim of subject matter jurisdiction, may the Motion to Dismiss be granted and the complaint dismissed. *See Mortensen v. First Federal Savings and Loan Association,* 549 F.2d 884 (3d Cir. 1977).

## B. Discussion

In the Motion to Dismiss, Aeromed alleges that this Court does not have subject matter jurisdiction over this suit because its activities are not within the flow of interstate commerce and, by no means, have a direct and/or substantial effect on interstate commerce. (Docket No. 20). That is, Plaintiff failed to establish the jurisdictional element of a Sherman Act violation. Defendant avers that the United States Supreme Court held in *McLain v. Real Estate,* 444 U.S. 232, 242, 100 S.Ct. 502, 509, 62 L.Ed.2d 441 (1980), that to establish jurisdiction it would be sufficient for Plaintiff to demonstrate a substantial effect on interstate commerce generated by Defendant's activity. Aeromed also asserts that the First Circuit has traditionally followed *McLain,* 444 U.S. 232, 100 S.Ct. 502, and has established in *Córdova & Simonpietri v. Chase Manhattan,* 649 F.2d 36 (1st Cir.1981) that Defendant's business "still must be so connected with interstate commerce that it is logical, as a matter of practical economics, to believe that an unlawful activity will affect interstate commerce logically affected by defendants unlawful conduct." (Docket No. 20). Thus, in order to meet this jurisdictional requirement of subject matter jurisdiction, the activity that is challenged must occur within interstate commerce or, otherwise, while wholly local, have a substantial effect on interstate commerce.

In *McLain,* 444 U.S. at 241, 100 S.Ct. at 508, the Supreme Court of the United States reiterated the long established theory that the authority of Congress under the commerce clause has long been interpreted to extend beyond activities that constitute interstate commerce to other activities that substantially affect interstate commerce even though they are purely local activities in nature. *See* II PHILLIP E. AREEDA & HERBERT HOVENKAMP, ANTITURST LAW ¶ 311 (revised ed.1995). However,

the Supreme Court, at that point in time, also chose to limit that "extension" determining that "to establish jurisdiction a plaintiff must allege the critical relationship [between the challenged activity and interstate commerce] in the pleadings and if these allegations are controverted must proceed to demonstrate by submission of evidence beyond the pleadings." *McLain*, 444 U.S. at 242, 100 S.Ct. at 509. Aeromed erroneously rests on *McLain*, 444 U.S. 232, 100 S.Ct. 502 (1980). Although Defendant is right in recurring to the argument that "defendant's business still must be so connected with interstate commerce that it is logical, as a matter of practical economics, to believe that the unlawful activity will affect inter state commerce," *Córdova & Simonpietri*, 649 F.2d at 45, in sustaining the motion to dismiss, Aeromed neglects to inquire into further case law regarding subject matter jurisdiction and the general connection with interstate commerce theory predicated by the Supreme Court ten years later in *Summit Health v. Pinhas*, 500 U.S. 322, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991).

Plaintiff's Answer to Motion to Dismiss (Docket No. 32) refutes Aeromed's averments by also citing *McLain*, 444 U.S. at 243, 100 S.Ct. at 509, stating that "in a civil action under the Sherman Act, liability may be established by proof of either an unlawful purpose or an anticompetitive effect." (Docket No. 32). That is, at a Motion to Dismiss stage, Plaintiff does not need to show, but merely allege, that Defendant's conduct has an effect on interstate commerce. As for Aeromed's allegation that a nexus between the conduct complained of and commerce between the states is necessary to establish jurisdiction, Plaintiff rests on *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991) which rejects the approach requiring said nexus. Rather, a general connection between Defendant's activity and interstate commerce is sufficient to establish federal jurisdiction. (Docket No. 32). Plaintiff also avers that the 3rd and 7th Circuits, and the district of Vermont have established when following the *Summit Health*, 500 U.S. 322, 111 S.Ct. 1842 (1991), that subject matter jurisdiction is satisfied if the complaint alleges that the Plaintiff was engaged in interstate commerce and was injured by a supposed antitrust violation. (Docket No. 32). Finally, Plaintiff asserts that, as in *San Juan Cement, Inc. v. Puerto Rican Cement Co., Inc.*, 922 F.Supp. 716 (D.P.R.1996)[3], in the case at bar, the jurisdictional requirement is met by Plaintiff's allegation that Aeromed purchases materials and supplies from interstate sources, thus participating in and affecting interstate commerce. Plaintiff avers that Aeromed's conspiracy to restrain competition and to fix costs in the aeromedic health care and services market in Puerto Rico limits the flow of health products and services between Puerto Rico and other states therefore affecting interstate commerce.

In *Summit Health*, 500 U.S. at 331, 111 S.Ct. at 1848, the Supreme Court held that "respondent need not allege, or prove, an actual effect on interstate commerce to

3. In *San Juan Cement*, 922 F.Supp. 716 (D.P.R.1996), a general connection with interstate commerce was found even though the only aspect of the cement and concrete industry, to which Defendant Puerto Rico Cement Co. belonged to, which considered to affect interstate commerce, was Defendant's purchases of equipment, spare parts, and other materials outside of Puerto Rico. Judge Pérez–Jiménez determined that with this allegation by Plaintiff, the minimal requirement for subject matter jurisdiction was met since the purchase of out of state materials and supplies is effectively participation in interstate commerce.

support federal jurisdiction." The Supreme Court understood this possible in *Summit Health, Id.* at 329 n. 11, 111 S.Ct. 1842 (citing *United States v. Staszcuk,* 517 F.2d 53, 60 n. 17 (7th Cir.1975)) since "the federal power to protect the free market may be exercised to punish **conduct which threatens to impair** competition even when no actual harm results." (emphasis ours) Further, in *Summit Health, Id.,* the Supreme Court found jurisdiction on the basis that "the hospital's purchases of out-of-state medicines and supplies as well as its revenues from out of state insurance companies would establish the necessary interstate nexus" regardless of the fact that the defendant's primary activity was the provision of health care services in the local market. This district has "almost unanimously followed what the Supreme Court did in Summit Health (if not what is said), and have rejected the specific nexus requirement." *San Juan Cement v. Puerto Rican Cement Co.,* 922 F.Supp. 716, 722 (D.P.R.1996).

## C. Conclusion

In the Complaint, Amended Complaint, and Opposition to Motion to Dismiss, Plaintiff does establish that Aeromed's activities are within the flow of interstate commerce since the production of medicines, medical supplies, and equipment for treating patients takes place in various states outside of Puerto Rico. Further, a substantial portion of the services provided by Defendant Aeromed to patients are paid through health insurance plans which invariably involve a continuous and uninterrupted flow of services, products, contracts and claims in interstate commerce.

With this in mind, and following the jurisprudence set forth in *San Juan Cement, Inc.* 922 F.Supp. 716 (D.P.R.1996), along with the discussion above, this Court fails to see how Plaintiff has been unsuccessful in establishing subject matter jurisdiction under the general connection with interstate commerce theory presently in practice by the Supreme Court of the United States. Ergo, this Court is persuaded that this action does in fact meet subject matter jurisdiction requisites since "all Plaintiff needs do to survive defendant's motion to dismiss is allege a general connection with interstate commerce, and an effect thereon resulting form defendant's allegedly illegal conduct." *San Juan Cement,* 922 F.Supp. at 723. Therefore, Defendant Aeromed's Motion to Dismiss is **DENIED.**

Notwithstanding, the Court issues an order to Show Cause as to the dismissal of the cause of action against Aeromed because the other alleged antitrust co-conspirator(s) is(are) exempt form antitrust application and is(are) authorized by jurisprudence to engage in potential antitrust violation. *See City of Columbia v. Omni Outdoor Advertising, Inc.,* 499 U.S. 365, 370, 111 S.Ct. 1344, 1349, 113 L.Ed.2d 382 (1991) ("Relying on principles of federalism and state sovereignty, we [hold] that the Sherman Act [does] not apply to anticompetitive restraints."); *Parker v. Brown,* 317 U.S. 341, 352, 63 S.Ct. 307, 314, 87 L.Ed. 315 (1943); *Neo Gen Screening, Inc. v. New England Newborn Screening Program,* 187 F.3d 24, 28 (1st Cir.1999) (The difficulty for [Plaintiff] is that it is **clearly established that the Sherman Act does not itself apply to** *state* **action.**) (emphasis ours) (see discussion infra Part II(B)(2)). Plaintiff is ordered to **show cause** within **twenty (20) days** why the antitrust cause of action against Aeromed should not be substantively dismissed.

## II. OTHER DEFENDANTS' ("Feliciano, et al.") MOTION TO DISMISS UNDER RULE 12(b)(1) and (6)

As discussed above, Plaintiff Tropical Air Transport has filed a Complaint (Dock-

et No. 1) bringing forth an action against Defendants for the violation of rights, privileges and protections guaranteed by the United States Constitution and Federal Civil Rights Act, 42 U.S.C. § 1983. Plaintiff also asserts its rights to engage in interstate commerce free from discrimination and restraint arising from state laws and actions undertaken by public officials and others pursuant to section 1 of the Sherman Act, 15 U.S.C. § 1, sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, section 43 of the Lanham Act, 28 U.S.C. § 1125, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201. The Complaint further presents supplemental antitrust, unfair competition, and claims under the laws of Puerto Rico. In sum, Plaintiff alleges that all Defendants have acted under color of state law, regulations, customs and policies or in concert with the other defendants at all times relevant to the averments in restraining him from engaging in interstate commerce.

Defendants Feliciano et al. are state officials which are in one way or another related to the contracting of or the emission of permits to render aeromedic services. Pertaining to Defendants Feliciano et al., Plaintiff sustains that Defendants Felicano et al. have continued to engage in unlawful agreements, combinations and/or agreements which have restrained the aeromedic health care and services market in Puerto Rico. Plaintiff holds that these unlawful acts have caused injury to his business and property as well as violated his Constitutional and Civil Rights under 42 U.S.C. § 1983. Plaintiff, therefore, prays for the permanent enjoinment of Defendants from continuing with the violations of said laws and form entering into any combination, conspiracy, agreement, understanding or concert of actions, omissions, endeavors, or undertakings against him. Plaintiff also requests the granting of compensatory damages, reasonable attorney's fees and costs and treble damages.

## A. Motion to Dismiss Standard Under Rule 12(b)(1) and (6)

Rules 12(b)(6) and 12(b)(1) of the FEDERAL RULES OF CIVIL PROCEDURE provide that a defendant may, in response to an initial pleading, file a motion to dismiss the complaint for lack of jurisdiction or for failure to state a claim upon which relief can be granted, respectively. It is well-settled, however, that a complaint should not be dismissed unless it appears beyond any doubt that the plaintiff can prove no set of facts which would support a claim entitling him or her to relief. *Ronald C. Brown v. Hot, Sexy, and Safer Productions, Inc.*, 68 F.3d 525 (1st Cir. 1995); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir.1991). The Court must accept as true the well pleaded factual averments contained in the complaint, while at the same time drawing all reasonable inferences from the allegations in favor of the plaintiff. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 2577, 49 L.Ed.2d 493 (1976); *Correa–Martinez v. Arrillaga–Beléndez*, 903 F.2d 49, 51 (1st Cir.1990); *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir.1994). However, "[b]ecause only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir.1993).

In opposing a Rule 12(b)(6) motion to dismiss, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech-*

*nology*, 950 F.2d 13, 22 (1st Cir.1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. *Id.* at 23 (citing *Correa–Martinez*, 903 F.2d at 52; *Dartmouth Review*, 889 F.2d 13, 16 (1st Cir.1989)); *Ryan v. Scoggin*, 245 F.2d 54, 57 (10th Cir.1957). Plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

**B. Discussion**

In Feliciano et al.'s Motion to Dismiss, Defendants allege that Plaintiff has failed to state a claim upon which relief may be granted, because the Complaint did not specify whether the Defendants were sued in their personal or official capacity. (Docket No. 34). Resting on *Pieve–Marin v. Combas–Sancho*, 967 F.Supp. 667 (D.P.R.1997), they sustain that in § 1983 actions, the capacity in which the defendant is being sued must be stated and, since Plaintiffs did not do so, the present action must be dismissed (Docket No. 34). Further, Defendants claim that, if being sued in their official capacities, any claim against the appearing Defendants is barred under the Eleventh Amendment[4]. Finally, Feliciano et al. aver that, if being sued in their personal capacity, Plaintiff's 42 U.S.C. § 1983 claim should be dismissed for failing to state a claim under which relief may be granted. That is, the Complaint, according to Feliciano et al., does not plead sufficient facts to establish a personal involvement by Defendants making said Complaint deficient to sustain a causal connection between Feliciano et

al.'s alleged conduct and claim under 42 U.S.C. § 1983. (Docket No. 34). To date, Plaintiff has yet to file an opposition to Feliciano et. al.'s Motion to Dismiss. Therefore, this Court views said motion as unopposed.

**1. Capacity**

On June 25, 2001 Plaintiff filed an Amended Complaint (Docket No. 40) which specifies the capacity in which Feliciano et al. are being sued. According to the Amended Complaint, Defendants Feliciano et al. where acting under color of Puerto Rico law, regulations, customs and policies. Be that as it may, Plaintiff makes express allegations which clarify that Defendants Feliciano, et al. are being sued in their individual capacities.

 Notwithstanding, the Supreme Court has established that regarding suits brought against state officials in their personal or official capacity, "[the] general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (citing *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963)). As explained in *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974):

It is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment. In *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945) the Court said: "(W)hen the action is in essence one for

---

4. Defendants can of course be sued in their official capacity for injunctive and/or equitable relief. *See Ex Parte Young*, 209 U.S. 123,

28 S.Ct. 441, 52 L.Ed. 714 (1908); *Mills v. Maine*, 118 F.3d 37 (1st Cir.1997).

the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Thus, the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.

That is, if the granting of injunctive or equitable relief sought expends itself on public domain, interferes with public administration, or restrains the government from action or compels it to act, Plaintiff's claim, howsoever styled, must be understood to be against the State itself. *See American Policyholders Ins. Co. v. Nyacol Products, Inc.*, 989 F.2d 1256, 1265 (1st Cir.1993); *Healey v. Bendick*, 628 F.Supp. 681, 696 (D.R.I.1986); *Pennhurst, Id.; Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949).

> The addition of a desultory phrase in the caption of a case cannot stem the inexorable flow of the sovereign immunity tide; whether or not the plaintiff can reasonably be viewed as seeking relief form the state is a matter not of semantics, but of substance. A wolf with an appetite to shackle the operation of state government is none the less lupine when garbed in the sheep's clothing of an "individual capacity" action.

*Healey*, 628 F.Supp. at 696. This Court, then, understands that, given the direct impact the granting of injunctive or equitable relief would have on the State's actions, there can be no legitimate doubt that Plaintiff's claims are **also claims** against Defendants Feliciano et al. **in their official capacity** and, consequently, against the State itself.

## 2. Federal Antitrust Claims

Plaintiff claims that Defendants Feliciano et al. have continuously engaged in an unlawful combination and conspiracy to restrain interstate trade and commerce in the offering for sale and sale of aeromedic health care and services in Puerto Rico. Plaintiff argues that said combinations and conspiracies have resulted in injury to his's business and property. Plaintiff bases his allegation on the federal antitrust laws, 15 U.S.C. §§ 1, 15, 26, and 1125. (Docket No. 40). Defendants Feliciano et al.'s motion to dismiss, on the other hand, is based on the "state action" exemption derived from the Eleventh Amendment of the United States Constitution. (Docket No. 34).

 Section 1 of the Sherman Act, under which Plaintiffs seek relief here, makes unlawful "any contract, combination... or conspiracy, in restraint of trade or commerce among the several states..." 15 U.S.C. § 1. Simply explained, to be able to state a claim under this section, Plaintiff is obliged to allege the existence of a contract, combination, or conspiracy that is in restraint of interstate trade or commerce which has resulted in injury to Plaintiff. *Tri–State Rubbish, Inc. v. Waste Management, Inc.*, 803 F.Supp. 451, 455 (D.Me.1992); *Oreck Corp. v. Whirlpool Corp.*, 639 F.2d 75, 78 (2nd Cir.1980) *cert. denied*, 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 618 (1981); *Wilder Enterprises, Inc. v. Allied Artists Pictures Corp.*, 632 F.2d 1135 (4th Cir.1980); *International Travel Arrangers, Inc. v. Western Airlines, Inc.*, 623 F.2d 1255 (8th Cir.) *cert. denied*, 449 U.S. 1063, 101 S.Ct. 787, 66 L.Ed.2d 605 (1980). In the case at bar, Plaintiff has alleged the aforementioned. It has been well settled, however, that **federal antitrust laws do not apply** to restraints of trade imposed by the states "as an act of government." *See City of Columbia v. Omni Outdoor Advertising,*

*Inc.,* 499 U.S. at 370, 111 S.Ct. at 1349 ("Relying on principles of federalism and state sovereignty, we [hold] that the Sherman Act [does] not apply to anticompetitive restraints."); *Parker v. Brown,* 317 U.S. at 352, 63 S.Ct. at 314 (1943); *Neo Gen Screening, Inc. v. New England Newborn Screening Program,* 187 F.3d at 28 (The difficulty for [Plaintiff] is that it is **clearly established that the Sherman Act does not itself apply to *state* action.**) (emphasis ours). As stated by the Supreme Court in *Parker,* 317 U.S. at 351, 63 S.Ct. 307:

> There is no suggestion of a purpose to restrain state action in the Act's legislative history. The sponsor of the bill which was ultimately enacted as the Sherman Act declared that it prevented only "business combinations." 21 Cong. Rec. 2562, 2457; see also at 2459, 2461. That its purpose was to suppress combinations to restrain competition and attempts to monopolize by individuals and corporation, abundantly appears from its legislative history. See *Apex Hosiery Co. v. Leader,* 310 U.S. 469, 492–93 and n. 15, 60 S.Ct. 982, 84 L.Ed. 1311; *United States v. Addyston Pipe & Steel Co.,* 85 F. 271, *affirmed* 175 U.S. 211, 20 S.Ct. 96, 44 L.Ed. 136; *Standard Oil Co. v. United States,* 221 U.S. 1, 54–58, 31 S.Ct. 502, 55 L.Ed. 619 . . . [I]n view of the latter's words and history, [the Sherman Act] must be taken to be a prohibition of individual and not state action.

That is, the Supreme Court has determined that Congress did not mean to require states to abide by the Sherman Act. Therefore, *"a state is free to regulate, or act on its own behalf, in ways that are anti-competitive and would not be permitted to a private individual.* This doctrine is so well settled that its rationale and underpinnings are scarcely worth discussing." *Neo Gen Screening, Inc. v. New England Newborn Screening Program,*

187 F.3d 24, 28 (1st Cir.1999) (emphasis ours).

Further, as to the personal liability of government employees, it has been held that the possible consequence of imposing personal liability on city or State officials for acts under the federal antitrust laws is "go[ing too] far to 'compromise the States' ability to regulate their domestic commerce." *Omni,* 499 U.S. at 377, 111 S.Ct. at 1352 (citing *Southern Motor Carriers Rate Conference, Inc. v. United States,* 471 U.S. 48, 56, 105 S.Ct. 1721, 1725, 85 L.Ed.2d 36 (1985)). Finally, the First Circuit Court of Appeals determined in *Fisichelli v. The City Known as the Town of Methuen,* 956 F.2d 12, 15–16 (1st Cir. 1992), that even though plaintiffs sued defendants in their private capacities,

> [t]he basic conduct of which the plaintiffs complain, however, concerns a decision taken by the individual defendants in their roles as town (or municipal Authority) officials. We do not believe that a plaintiff can avoid the ruling of [City of] Columbia [v. Omni] simply by substituting, for the name of the town, the names of the town officials who approved the challenged municipal action.

> We conclude that the actions of which plaintiffs complain are actions taken by a municipal authority, and, for antitrust purposes, they amount to "an authorized implementation of state policy." Consequently, they fall outside the reach of the federal antitrust laws. (citations omitted).

 For the forgoing reasons, because federal antitrust laws do not apply to state action, neither the State nor its officials voluntarily waive their immunity, or unequivocally express their intention to waive immunity under the federal antitrust laws, **no monetary damages and/or injunctive relief are available** to Plaintiffs against

state officers under the federal antitrust laws. Therefore, Plaintiff's claims against Defendants under the antitrust laws must be **dismissed.**

## 3. Section 1983 Claims

In Defendants Feliciano et al.'s Motion to Dismiss (Docket No. 34), Defendants allege that Plaintiff's claim should be dismissed, because Plaintiff did not plead sufficient facts to establish a personal involvement on the part of Defendants to sustain a causal connection between their conduct and the claim under 42 U.S.C. § 1983. Defendants also sustain that, because of the proliferation of § 1983 claims, a stricter pleading requirement has been imposed.

In the case of a claim under section 1983, Plaintiff must allege that the conduct complained of was committed by a person acting under color of state law, and that such conduct caused Plaintiff to be deprived of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. *See also, Fernández v. Chardón,* 681 F.2d 42 (1st Cir.1982); *Morton v. Becker,* 793 F.2d 185 (8th Cir.1986). Further, Plaintiff's allegations must be sufficient to show or infer defendant's personal involvement in the deprivation of Plaintiff's federal rights. *Febus–Rodríguez v. Betancourt–Lebrón,* 14 F.3d 87 (1st Cir.1994); *Pinto v. Nettleship,* 737 F.2d 130 (1st Cir.1984). Moreover, Plaintiff's allegations must amount to more than claims for mere negligent acts. Plaintiff must present a claim that Defendants acted or failed to act out of reckless or callous indifference to Plaintiff's constitutional rights. (Such indifference is present "when it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights.") *Febus–Rodríguez,* 14 F.3d at 92 (citing *Germany v. Vance,* 868 F.2d 9, 18 (1st Cir.1989)).

### i) Constitutional Claims

In the action before us, Plaintiff claims that he has been deprived of property without the procedural due process of law guaranteed by the Fourteenth Amendment of the United States Constitution. He alleges that he has attempted to enter into a formal contract with the Department of Health and the Administration of Compensation for Automobile Accidents of Puerto Rico ("ACCA"), and has also been refused by Defendants Feliciano et al. the execution of promised contracts with Plaintiff.

As stated above, to aver a due process claim on which relief may be granted under § 1983, Plaintiff must allege deprivation of a *protected property interest,* because there can be no due process violation without such an interest. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709, further explains that "to have a property interest in a benefit, a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, indeed, have a legitimate claim of entitlement to it." Consequently, Plaintiff must allege facts demonstrating a *legitimate claim of entitlement* to enter into said contracts and/or to the execution of contracts that have been proposed yet not accepted. Finally, it must be emphasized that "a cognizable property interest 'is what is securely and durably yours under state [or federal] law, as distinct from what you hold subject to so may conditions as to make your interest meager, transitory, or uncertain.'" *Barrington Cove Limited Partnership v. Rhode Island Housing and Mortgage Finance Corporation,* 246 F.3d 1, 5 (1st Cir.2001) (citing *Reed v. Village of Shorewood,* 704 F.2d 943, 948 (7th Cir.1983)). *See also Figueroa–Serra-*

*no v. Ramos–Alverio,* 221 F.3d 1, 6 (1st Cir.2000) (noting that property interest is defined *not* by the Federal Constitution, but by independent sources such as state law or regulations). Hence, since the ultimate decision as to which contracts, in which manner, and with which parties they are entered into rests on the absolute discretion of the Department of Health and the ACCA officials, Plaintiff cannot lay claim to any cognizable property interest either on his wish to enter into contracts with said parties nor in the abstract "promise" to enter into contracts with Defendants Feliciano et al. This Court finds that Plaintiffs have **failed to state a claim** for deprivation of property without procedural due process on which relief may be granted under § 1983.

■ However, Plaintiff also avers in his Amended Complaint (Docket No. 40) that Defendants have been arbitrarily and capriciously discriminating against Plaintiff by refusing to enter into air ambulance contracts, therefore violating Plaintiffs equal protection of the law. Plaintiff maintains that Defendants Feliciano et al. have intentionally and maliciously conspired to exclude Tropical Air form entering into a contract with the Department of Health by requiring Plaintiff to acquire a permit form PSC for air ambulance services which, in turn, they refuse to provide for no apparent reason.

Recently, the Supreme Court of the United States held that

[o]ur cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently form others similarly situated and that there is no rational basis for the difference in treatment.

[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.

These [irrational and wholly arbitrary] allegation, quite apart form the Village's subjective motivation, are sufficient to state a claim for relief under traditional equal protection analysis.

*Village of Willowbrook v. Olech,* 528 U.S. 562, 564–65, 120 S.Ct. 1073, 1074–75, 145 L.Ed.2d 1060 (2000) (citations omitted). *See also* Erwin Chemerinsky, *Suing the Government for Arbitrary Actions,* 2000 Sup. Ct. Rev. 89, 36 May Trial 89. Logically, this reasoning is applicable to the case at bar. Plaintiff's complaint can be adequately read as alleging that Defendants Feliciano et al. intentionally refused to provide Tropical Air with a PSC permit so as to be able to primarily contract with Aeromed even though Aeromed did not, and does not, meet the FAA requirements. Thus, Plaintiff does in fact assert an equal protection claim and may seek redress for said violations.

### ii) Heightened Pleading Requirement

As for the heightened pleading requirement alleged by Defendant under section 1983 claims, the Supreme Court has stated that:

We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit [ ] with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." (citations omitted)...

... Rule 9(b) does impose a particularity requirement in two specific instances. It provides that "in all averments of fraud or mistake, the circumstances con-

stituting fraud or mistake shall be stated with particularity." Thus, the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983.

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 167–68, 113 S.Ct. 1160, 1162–63, 122 L.Ed.2d 517, (1993). Although the case at bar does not present the issue of municipal liability, but rather the issue of liability of state officials in their individual capacities, the First Circuit has resolved that when "calling for the pleading of specific facts [ ] the [Supreme] Court limited its carefully-phrased endorsement of that approach to **constitutional claims** in which 'improper motive' was an essential element for plaintiff to prove." *Judge v. City of Lowell,* 160 F.3d 67, 74 (1st Cir. 1998). (emphasis ours). *See also Romero–Barceló v. Hernández–Agosto,* 75 F.3d 23, 35 (1st Cir.1996).

▮ Understanding that the case before us precisely involves an action under section 1983 against state officials in their individual capacities, and further, that this Court has made a finding of a sufficient allegation of an arbitrary and capricious violation to the constitutional right of equal protection of the law, and that Plaintiff has in fact alleged a malicious intent by Defendants, the heightened pleading standard **does apply** to Plaintiffs allegations. *Judge,* 160 F.3d at 74.

Finally, since a mere allegation of arbitrariness and capriciousness is sufficient to maintain an equal protection claim, and in view of the heightened pleading requisite imposed upon Plaintiff, the Court provides Plaintiff **twenty (20) days** to plead with a heightened particularity the events which constitute the equal protection claim. *See*

*Judge,* 160 F.3d at 75 n. 11 (Courts of appeals have commonly required of trial courts to grant plaintiffs an opportunity to cure a deficiency after notice that the trial court had invoked a specificity of pleading requirement.); *Garita Hotel Limited Partnership v. Ponce Federal Bank, F.S.B.,* 958 F.2d 15, 17–18 & n. 2 (1st Cir.1992); *Fleming v. Lind–Waldock & Co.,* 922 F.2d 20, 23–24 (1st Cir.1990); *United States v. Healthsouth Corp.,* 140 F.Supp.2d 706 (W.D.La.2001) (granting plaintiff a term for the filing of an amended pleading in order for plaintiff to comply with the heightened pleading standard.). Therefore, under the obligation of accepting as true all well plead allegations within the complaint and indulging all reasonable inferences in favor of the Plaintiff, this Court finds that Plaintiff has complied with the abovementioned requirements. In the Complaint (Docket No. 1) and Amended Complaint (Docket No. 40), Plaintiff does satisfactorily allege the acts of conspiracy by Defendants which violated his constitutional right to equal protection free from arbitrary and capricious conduct in granting a permit to do business with the Department of Health of Puerto Rico. Co-defendants Feliciano et al., acting under color of law but in their individual capacity, and Aeromed may have also conspired in said actions. Also, Plaintiff's allegations are sufficient to show and infer Defendants Feliciano et al.'s personal involvement in the deprivation of said constitutional rights. Finally, Plaintiffs have fulfilled the "reckless or callous indifference" requirement by pleading that Defendants Feliciano et al. acted in "bad faith, maliciously, and in order to [ ] deprive[ ] Plaintiff of its [ ] rights." (Docket No. 40). This Court finds that Plaintiff has sufficiently alleged arbitrariness and capriciousness to sustain a course of action under § 1983 for violation to the equal protection clause against Defendants Feli-

**192**

ciano et al., all subject to further heightened pleading compliance.

## C. Conclusion

Plaintiff's federal antitrust claims against Defendants Feliciano et al. (government officials in their personal and official capacity) are dismissed because said antitrust laws do not apply to restraints of trade imposed by the States as an act of government. Plaintiff's § 1983 claims are also insufficient to establish a constitutional claim for deprivation of property without procedural due process on which relief may be granted since no cognizable property interest is recognized in said claims. Plaintiff satisfactorily aver an equal protection claim under the theory of arbitrary actions subject to amendment to comply with heightened pleading requirements.

In sum, all claims against Defendants Felicaino et al. for violations under the federal antitrust laws are dismissed. Section 1983 claims for deprivation of property without procedural due process on which relief may be granted are also dismissed. Claims against Defendants Feliciano et al. for violations to the equal protection clause stand. Accordingly, based on the aforementioned reasons, the Court **grants in part and denies in part** Defendants Feliciano et al.'s Motion to Dismiss.

The claims against Aeromed are not dismissed. Notwithstanding, an order to show cause has been issued as to why the substantive antitrust claim against Aeromed should not be dismissed.

No judgment is to be issued at this time because the First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.,* 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used

sparingly."); *Zayas–Green v. Casaine,* 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule ... furthers the 'strong congressional policy against piecemeal review.' " *Id.* (quoting *In re Continental Investment Corp.,* 637 F.2d 1, 3 (1st Cir.1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority,* 888 F.2d 180, 183 (1st Cir.1989); *Consolidated Rail Corp. v. Fore River Ry. Co.,* 861 F.2d 322, 325 (1st Cir.1988); *Spiegel v. Trustees of Tufts Coll.,* 843 F.2d 38, 43 (1st Cir.1988); *Santa Maria v. Owens–Ill., Inc.,* 808 F.2d 848, 854 (1st Cir.1986)); *see also United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974).

**IT IS SO ORDERED.**